## BUSHNELL vs. BROWN'S HEIRS.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff obtained an injunction, by which proceedings were stayed on an order of seizure and sale which had previously issued against him, atthe instance of the defendants on certain authentic instruments alleged to have the force and effect of a judgment being executed to secure the price of a tract of land purchased by said plaintiff, at the sale and adjudication of the succession of their ancestor.

The principal ground of opposition to the recovery of the price of the land adjudicated.

*The vendee ought to be permitted to shew that the property purchased is mortgaged, and suit brought on the mortgage.*

VOL. III. (N. S.) 57

East'n. District.
*March* 1825.

BUSHNELL
*vs.*
BROWN'S
HEIRS.

and consequent proceedings by the *via execu-tiva*, as stated in the petition for the injunction, is an incumbrance by mortgage on the property alienated. On the answer of the defendants, and hearing of the case, the injunction was dissolved and the original order of seizure suffered to proceed.

From this judgment of dissolution the plaintiff appealed.

In the course of the trial of the case in the district court, several bills of exceptions were taken; all of which we deem it useless to investigate, being of opinion that in one of them, there is such error, as to require the cause to be remanded. This is to the decision of the judge *a quo*, by which he refused to suffer the plaintiff to shew that his right and title to the land, were endangered by proceedings actually commenced on the mortgage alleged in his petition. It is a point clearly settled by law, and many decisions, that a vendor of property, who is in danger of loss or eviction, by suit actually commenced, *questiona mota*, ought not to be compelled to pay the price, unless good security be offered by the vendor to save him from injury.

How far the existence of a previous mort-

gage, pressing on the thing sold, would autho-
rise the price to be withheld until security was
given against its probable effects, is a matter,
perhaps, not definitively fixed, either by ex-
press law, or a long course of decisions. But
in the present case, the plaintiff offered to
prove that suit had been commenced on the
mortgage from which he feared injury. This
we are of opinion he ought to have been al-
lowed to do, as on the existence, or non-ex-
istence of such a fact, the judgment proper to
be rendered in the cause, must vary.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
dissolving the injunction, be avoided, reversed,
and annulled, and that said injunction be re-
vived to abide until the final hearing of the
cause on its merits, and that the cause be re-
manded for a new trial, with instructions to the
judge *a quo*, to admit legal evidence on the part
of the plaintiff and appellant, to shew the ex-
istence of the mortgage, as stated in his petition
and that suit has actually been commenced on
said mortgage. The appellees to pay costs of
this appeal.

*Watts* and *Lobdell* for the plaintiff, *Nicholls*
for the defendants.